WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Van E Flury, | No. CV-19-05800-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Hassayampa Justice Court, | |
| Defendant. | |

Pending before the Court is Defendant Hassayampa Justice Court's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, Order that Real Party in Interest Be Rejoined as Party to Action (Doc. 16). Plaintiff filed a response. (Doc. 21.) Defendant filed no reply.

**I.     BACKGROUND**

Claiming jurisdiction pursuant to 28 U.S.C. § 2283, Plaintiff, proceeding pro per, filed this federal action seeking to enjoin a state court injunction, specifically an injunction against harassment issued by the Hassayampa Justice Court. (Doc. 1 at 1.) Plaintiff, a used car dealer, is a commercial tenant of the Sun City Professional Building.[1] Ms. Sandra Hickman is a commercial tenant in the same building complex. A dispute between the two ensued. As a result, Ms. Hickman filed a petition for injunction against harassment against Plaintiff. The Hassayampa Justice Court issued the injunction. Plaintiff did not request a

---

[1] Plaintiff's principle place of business is located at 12630 N. 103rd Avenue, Sun City, Arizona.

hearing or pursue remedies available to him under State law. (*See generally* Doc. 1.) Plaintiff now petitions this Court for relief.

## II.     LEGAL STANDARD

Defendant Hassayampa Justice Court moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6). (Doc. 16.)

### a.   Fed. R. Civ. P. 12(b)(6) Standard

When ruling on a Rule 12(b)(6) motion to dismiss, well-pled factual allegations are presumed true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet Rule 8(a)(2)'s minimum requirements. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A complaint setting forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter stating a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility only exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but instead requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Where a "complaint is deficient under Rule 8, [plaintiff] is not entitled to discovery, cabined or otherwise." *Iqbal,* 556 U.S. at 686 (2009).

Furthermore, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Rivera v. Coventry Health & Life Ins. Co.*, No. CV-15-02213-PHX-GMS, 2016 WL 3548763, at *2 (D. Ariz. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)). All "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

### b. Fed. R. Civ. P. 12(b)(1) Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not described by any jurisdictional statute." *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); *see* 28 U.S.C. §§ 1331, 1346. Thus, "[f]ederal courts are courts of limited jurisdiction" and are presumed to lack subject matter jurisdiction until the plaintiff satisfies his burden to establish otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A motion to dismiss for lack of subject matter jurisdiction can be raised at any time. *Hansen v. Dept. of Treasury*, 528 F. 3d 597 (9th Cir. 2007).

### III. DISCUSSION

Plaintiff asserts jurisdiction solely under the Anti-Injunction Act, 28 U.S.C.A. § 2283. The Anti-Injunction Act precludes federal courts from staying state court proceedings, with three exceptions: "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect and effectuate its judgments." 28 U.S.C.A. § 2283; *see also Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267, 1271 (9th Cir. 1982). These "narrow" exceptions may "not be enlarged by loose statutory construction." *Smith v. Bayer Corp.*, 564 U.S. 299, 306, 131 S.Ct. 2368, 180 L.Ed. 2d 341

(2001) (quoting *Chick Kam Choo v. Exxon Mobil Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1998)). The Anti-Injunction Act's "purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630, 97 S. Ct. 2881, 2887, 53 L. Ed. 2d 1009 (1977). Accordingly, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.; see also Atl. Coast R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970) ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme Court].").

Plaintiff argues that he is entitled to proceed in federal court but does not explain how his case falls into one of the Anti-Injunction Act's three narrow exceptions. None of the exceptions apply here and the Anti-Injunction Act precludes the injunctive relief Plaintiff seeks. Plaintiff's citation to § 2283 does not fit the first exception. The two latter exceptions also have no application. The second exception, "where necessary in aid of its jurisdiction," typically applies to in rem actions, which this is not. *See Vendo*, 433 U.S. at 642. The third exception, the relitigation exception, is construed as particularly "strict and narrow", *Chick Kam Choo*, 486 U.S. at 148, and simply does not apply where, as here, there are no prior orders of this Court to "protect or effectuate," 28 U.S.C.A. § 2283. With no exception to § 2283's preclusive effects, this Court thus lacks subject matter jurisdiction over Plaintiff's claim and will dismiss his complaints, (Docs. 1, 20), and terminate this action.[2]

---

[2] Lacking subject matter jurisdiction, the Court also dismisses Plaintiff's nearly identical Amended Complaint. (Doc. 20); *see also* Fed. R. Civ. P. 8 (requiring a complaint to present the grounds upon which the court's jurisdiction rests); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1342, 1341 (9th Cir. 1981) (holding a court may dismiss an action *sua sponte* where the court lacks subject matter jurisdiction) (citing *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974)). With no jurisdiction, the court "is not required to issue a summons or follow other procedural requirements." *Loux v. Rhay*, 375 F.2d 44, 458 (9th Cir. 1967). While ordinarily, the Court would permit Plaintiff to amend, "amendment to cure defective jurisdictional allegations is proper only to correct 'incorrect statements about jurisdiction that actually exist[], and not defects in

Additionally, even assuming this Court had jurisdiction, the Court is precluded from granting the relief requested by the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Younger* abstention is appropriate when: (1) there is a state judicial proceeding, (2) the proceeding implicates important state interests, (3) there is an adequate opportunity in state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin ongoing state proceedings. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).

Here, the injunction at issue is authorized under Arizona law and offers Plaintiff an appropriate way to challenge the injunction against harassment and protect his constitutional rights. *See* A.R.S. § 12-1809. Section 12-1809 provides a method to seek relief from an injunction. In relevant part, the statute reads:

> "At any time during the period during which the injunction is in effect, the defendant is entitled to one hearing on written request. No fee may be charged for requesting a hearing. A hearing that is requested by a defendant shall be held within ten days from the date requested unless the court finds compelling reasons to continue the hearing. The hearing shall be held at the earliest possible time."

A.R.S. § 12-1809(H). Following a hearing at the justice court, an injunction order may be appealed to the superior court. A.R.S. § 12-1809(O). Thus, all four factors are satisfied and abstention is appropriate—the state court proceeding under A.R.S. § 12-1809 is ongoing, this action implicates the state court's ability to enforce state statutes, Plaintiff has adequate opportunity to seek redress in the state proceedings, and Plaintiff requests a stay of state proceedings.

---

jurisdictional facts themselves.'" *Trust v. American Honda Fin. Corp.*, No. 2:16-cv-1237-ODW-SS, 2016 WL 756461, at *3 (C.D. Cal. Feb. 25, 2016) (quoting *Bull HN Info. Sys. V. Hutson*, 184 F.R.D. 19, 22 (D. Mass. 1999)). Here, such further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F. 3d 336 (9th Cir. 1996). Plaintiff's Amended Complaint, like the initial Complaint, provides insufficient support to establish this Court's subject matter jurisdiction.

IV.     CONCLUSION

This Court lacks subject matter jurisdiction. Accordingly,

**IT IS ORDERED** GRANTING Defendant Hassayampa Justice Court's Motion to Dismiss, (Doc. 16), and DISMISSING both Plaintiff's Complaint, (Doc. 1), and Amended Complaint, (Doc. 20).

**IT IS FURTHER ORDERED** DENYING the alternative relief sought as moot.

**IT IS FURTHER ORDERED** DIRECTING the Clerk of Court terminate this case.

Dated this 23rd day of April, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge